IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE M. MITCHELL | Civil Action No. 3:10-cv-129 |
| Plaintiff, | Judge Kim R. Gibson |
| v. | |
| JEFFREY T. MILLER, LINDA BONNEY RODNEY MANNING, MARK W. GREENER, KENNETH A. KARAS, MICHAEL SELGRATH, JASON URBANI, and WILLIAM POTTER, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Document No. 6). Defendants request that Counts II and III of the Complaint, as well as the retaliation claim against Defendants Potter, Urbani, and Greener, in Count I be dismissed. Plaintiffs filed a Brief in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Document No. 10). The Court **GRANTS** Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Document No. 6), however, Plaintiff will be granted leave to file an Amended Complaint.

### Factual Background from Complaint

Danielle Mitchell joined the Pennsylvania State Police (PSP) Academy as a cadet on or about October 17, 2005, and attended through June of 2008. During this period Ms. Mitchell suffered a number of injuries that limited her ability to participate in training exercises. Plaintiff Mitchell was terminated as a PSP cadet by letter dated May 29, 2008, which she received in mid-

1

June 2008. Plaintiff filed this action on May 18, 2010, alleging that the PSP defendants terminated her in retaliation for complaining about gender discrimination in December 2007 and subjected her to gender discrimination and harassment when she was at the Academy. Mitchell alleges that Urbani, Potter and Greener (particularly Corporal Potter, her platoon leader) "systematically harassed" her when she was at the Academy, treating her with hostility because she was injured and a woman. These defendants allegedly subjected her to a hostile work environment "where she was humiliated in front of her colleagues, ridiculed and harassed." (Doc.1, ¶25.) According to the Complaint, Mitchell was threatened and disciplined by Manning and Selgrath in retaliation for complaining about how she was mistreated, and Potter forced her to write false and misleading "infraction letters" that were used as a pretextual basis for discipline and termination, and for falsely claiming she was incompetent.

Plaintiff states that she complained of "unlawful harassment" and sexual discrimination by the PSP Southwest Training Center staff and Academy staff "on or before December 20, 2007." Defendants Bonney and Manning then instituted an investigation conducted by defendant Karas (also described as a cover up or non-legitimate investigation) to cover up the unlawful actions of Urbani, Potter and Greener and to carry out Plaintiff's unlawful termination. Plaintiff alleges that Miller, Bonney, Manning, Selgrath and Karas terminated her in 2008 in retaliation for filing complaints "and otherwise complaining of unlawful discrimination . . . by Urbani, Greener and Potter." Mitchell claims to have been terminated by a letter signed by Defendant Manning dated May 29, 2008, which she did not receive until mid-June 2008.

Plaintiff alleges that the defendants Miller, Bonney, Karas, Selgrath, and Manning retaliated against Plaintiff by investigating and terminating her because she complained formally of sex discrimination and hostility, and threatened to enforce her statutory rights thereto, all in

violation of her 1st Amendment right to petition for a redress of grievances. Plaintiff alleges defendants Urbani, Greener, and Potter violated plaintiff's Equal Protection of the Laws rights (14th Amendment) on account of her sex (suspect category case), subjecting her to harsh disparate treatment because she was a female. Plaintiff alleges that the defendants Greener, Potter, and Urbani, also subjected Plaintiff to an egregiously hostile work environment on account of her sex (female) in violation of Title VII (42 U.S.C. 2000 (e) (5)) while also violating her rights under the Pennsylvania Human Relations Act (PHRA) (43 P.S. 951-963). Plaintiff alleges that defendants Greener, Potter, and Urbani also violated her 1st and 14th Amendment rights because she complained of their treatment of her. Plaintiff alleges that she also suffered retaliation pursuant to the provisions of Title VII and the PHRA. Plaintiff has not yet provided a "right to sue letter" from the EEOC.[1]

## Jurisdiction

This Court has jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over the supplemental state law claims in Count III pursuant to 28 U.S.C. § 1367.

## Legal Standard

The decisions of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) represent a significant change in federal pleading standards. In *Iqbal*, the Supreme Court "provide[d] the final nail-in-the-coffin for the 'no set of facts' standard" derived from *Conley v. Gibson*. Following *Iqbal*, conclusory or "bare-bones"

---

[1] In her Complaint, dated May 18, 2010, Plaintiff asserted that a letter from the EEOC "will be sought (as soon as this case is filed)." Complaint ¶ 12.

3

complaints will not survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Under *Twombly* and *Iqbal*, in order to survive a motion to dismiss, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Iqbal,* quoting *Twombly* at 570. In *Iqbal*, Justice Kennedy writing for the majority, concluded that a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, citing *Twombly* at 556. "The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaint are plausible." *Fowler v. UPMC Shadyside*, 578 F.3rd 203 (3rd Cir. 2009). Following *Iqbal*, the District Court must dismiss a complaint that pleads facts that are "merely consistent with" a defendant's liability, if the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, quoting *Twombly*, at 557.

In *Fowler v. UPMC Shadyside*, 578 F.3rd 203 (3rd Cir. 2009), the Third Circuit provided the test that district courts should apply when considering a motion to dismiss under *Iqbal*:

> "Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal* at 1249. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See *Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id."*Fowler*, at 210-211.

## Analysis

I. **Count III**

4

In Count III, Plaintiff alleges that Potter, Urbani and Greener subjected her to disparate treatment on account of her gender in violation of the PHRA, and that all defendants engaged in retaliation in violation of the PHRA. Defendants move to dismiss Count III, asserting that Plaintiff has failed to exhaust her claims under the PHRA because such claims were not timely filed. Plaintiff must exhaust her administrative remedies under the PHRA before filing suit. To do so, she was required to file a charge with the PHRC within 180 days of the alleged discriminatory act(s). *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-27 (3rd Cir. 1997).

In support of their claim that Plaintiff failed to exhaust her administrative remedies by filing a charge with the PHRC within 180 days of the alleged discriminatory acts, Defendants attached to their Partial Motion to Dismiss (Document No. 6) as exhibit 2, Plaintiff's Discharge Questionnaire (Document No. 6-1) dated February 6, 2009 and submitted to the PHRC. The Court agrees with Defendants that the document is a matter of public record and is a document on which Plaintiff's claims are based. Therefore that document can be considered by the Court in deciding the Defendants' motion without converting it into a motion for summary judgment. *See Morrison v. National City*, 2007 WL 4322329, *2 n. 1 (W.D. Pa. 2007); *Fortier v. U.S. Steel Group*, 2002 WL 1797796, n.3 (W.D. Pa. 2002); *Graham v. Avella Area School District*, 2007 WL 1669881, *2 (W.D. Pa. 2006). Utilizing the date of February 6, 2009 as the filing date with PHRC the "look-back" period of 180 days would only cover discriminatory acts occurring in August 2008 and thereafter. Defendants have sufficiently demonstrated that the PHRA's requirements have not been met.

In her brief in opposition to Defendants' Partial Motion to Dismiss, Plaintiff attaches a document dated November 10, 2008 addressed to the Pennsylvania Human Rights Commission. This document details various events at the Pennsylvania State Police Academy that Plaintiff

alleges were discriminatory. There is no indication that this document was ever mailed o r otherwise filed, nor is there any indication that the PHRC, or Defendants, ever received a copy of this document. Although Count III will be dismissed, the Court will permit Plaintiff to plead in an Amended Complaint whether this November 10, 2008 document was filed with the PHRC and therefore can be construed as a charge filed with the PHRC in fulfillment of the exhaustion of administrative remedies requirement.

## II.     Count II

Count II is an Equal Protection claim (Fourteenth Amendment – gender discrimination) against defendants Potter, Urbani and Greener. Defendants move to dismiss Count II. The instant suit was filed on May 18, 2010. The retaliatory acts alleged against Defendants Urbani, Potter, and Greener occurred before March 11, 2008, the date Plaintiff resigned for medical reasons and left the Academy. Plaintiff's interactions with these three defendants at the Police Academy predated the two year statute of limitations. Plaintiff's §1983 claims against these defendants for discrimination, harassment or hostile environment while she was a cadet and undergoing training at the Academy are time barred. Defendant's Motion to Dismiss Count II is granted, however, Plaintiff will be granted leave to file an amended complaint in order to permit Plaintiff to plead any actions by these Defendants which are not time barred.

## II.     Count I

Count I is a First Amendment retaliation claim against all defendants. Defendant moves to dismiss Count I against Defendants Urbani, Potter, and Greener. The analysis for Count I is

identical to the analysis for Count II. All alleged acts by Defendants Urbani, Potter, and Greener occurred before March 11, 2008, and are time barred. Defendant's Motion to Dismiss Count I is granted, however, Plaintiff will be granted leave to file an amended complaint in order to permit Plaintiff to plead any actions by Urbani, Potter, and Greener which are not time barred.

Now, this 23rd day of March, 2011, it is hereby ORDERED that Defendants' Partial Motion to Dismiss (Document No. 6) is GRANTED, and it is further ORDERED that Counts II and III are dismissed and Count I is dismissed as to Defendants Urbani, Potter, and Greener. Plaintiff is granted leave to file an Amended Complaint within 20 days of the date of this Order.

BY THE COURT:

Date: March 23, 2011

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE