IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE M. MITCHELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-CV-129 |
| ) | JUDGE KIM R. GIBSON |
| JEFFREY T. MILLER, LINDA BONNEY, ) | |
| RODNEY MANNING, MARK W. GREENER, ) | |
| KENNETH A. KARAS, JASON URBANI, ) | |
| WILLIAM POTTER, and PENNSYLVANIA ) | |
| STATE POLICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Supplement Summary Judgment Response (Doc. No. 43). Defendants oppose the Motion in a filing styled as "Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment" (Doc. No. 44). For the reasons set forth herein, the Court will **GRANT** Plaintiff's Motion.

In her Motion, Plaintiff seeks permission to supplement her Response in Opposition to Summary Judgment (Doc. No. 41) with the declaration of Calvin Andrews, a former Sergeant with the Pennsylvania State Police and Station Commander for the Greensburg Training Center. Doc. No. 43-1 at 1. In response, Defendants asks this Court to strike the Andrews declaration from the record, and makes additional arguments as to why the declaration should be disregarded for summary judgment purposes. Doc. No. 44 at 2. To the extent that Defendant's arguments apply to the Court's consideration of the merits of Defendants' Motion for Summary Judgment (Doc. No. 31), we decline to consider them at this stage. However, to the extent that Defendants oppose supplementing the record with the Andrews declaration, we find such arguments unpersuasive.

Defendants premise their opposition to Plaintiff's Motion on the application of the sham affidavit doctrine, which holds that a party may not create a material issue of fact to defeat summary judgment simply by filing a "sham affidavit" disputing his or her own sworn deposition testimony. See *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. Pa. 2007). As such, Defendants ask this court to extend the sham affidavit doctrine well beyond its traditional application and scope in order to affirmatively bar Plaintiff from supplementing the factual record with the Andrews declaration. The Court notes that the Andrews declaration is not allegedly contradicted by prior sworn statements made by Andrews during a deposition, but rather an Investigation Report written by Sgt. Kenneth Karas and an Interview Verification Form signed, but not written, by the affiant. Although Defendants correctly cite to the Third Circuit's decision in *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991), for the proposition that a district court may disregard a "sham affidavit" when determining whether there exists a genuine issue of material fact for purposes of summary judgment, neither *Hackman* – nor any other controlling or persuasive authority cited by Defendants – appears to permit this court to affirmatively bar or strike from the record an otherwise relevant affidavit simply because it ostensibly contradicts *some other document* contained in the factual record, such as an interview verification form or an investigatory report authored by *someone else* – that is, someone other than the affiant in question. Accordingly, the Court will consider the Andrews declaration as part of the record for purpose of Defendants' pending Motion for Summary Judgment. To the extent that Defendants raise arguments in their Reply (Doc. No. 44) relevant to that Motion, they will be also be considered by the Court.

**AND NOW**, this 5th day of April 2012, upon consideration of Plaintiff's Motion to Supplement Summary Judgment Response (Doc. No. 43), and Defendants' Reply to Plaintiff's Motion to Supplement Summary Judgment Response (styled as "Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment") (Doc. No. 44), **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**